UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**WILLIAM ROSE, an individual,**

**Plaintiff,**

v.                                                              CASE NO. 2:23-cv-00022

**CELLULAR TOUCH WIRELESS, INC.,**
a Florida corporation,

**Defendant.**
_____/

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

COMES NOW Defendant CELLULAR TOUCH WIRELESS, INC., ("Defendant" or "CTW") and responds to the Complaint for Damages and Equitable Relief (Doc. 1) (the "Complaint") filed by Plaintiff WILLIAM ROSE ("Plaintiff" or "Rose"), by and through undersigned counsel, hereby sues Defendant CELLULAR TOUCH WIRELESS, INC., a Florida corporation; for damages and equitable relief. As grounds therefor, Plaintiff alleges the following:

1. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 1 of the Complaint.

2. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 2 of the Complaint.

3. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 3 of the Complaint.

4. Defendant admits that it is an Authorized Dealer who operates retail store locations in Florida under the brand of cellular telecommunications provider Metro by T- Mobile. Defendant is without knowledge of, and therefore denies, that Metro by T-Mobile is the telecom provider through whom Plaintiff received his monthly cellphone service.

5. Defendant denies, the allegations in Paragraph 5 of the Complaint.

6. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff purports to bring this lawsuit to compensate him for his losses but denies that Plaintiff is entitled to any compensation from Defendant.

8. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that it is a corporation organized under the laws of Florida with its principal place of business in Tampa, FL; it is a Metro by T-Mobile Authorized Dealer that operates under the Metro by T-Mobile brand; and it operates numerous Metro by T-Mobile Authorized Dealer stores, including one at 3369 Dr. Martin Luther King Jr. Blvd. in Fort Myers, Florida.

10. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 10 of the Complaint.

11. Defendant denies that it is liable to Plaintiff. Defendant is without knowledge of, and therefore denies, the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant admits that this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, because the matter in controversy arises under the laws of the United States.

13. Defendant admits that this Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

14. Defendant admits that this Court has personal jurisdiction over Defendant because it conducts business in this jurisdiction. Defendant denies that it committed a tort upon Plaintiff in this jurisdiction.

15. Defendant admits that venue of this action is proper in this Court. Defendant denies that any causes of action accrued against Defendant in this jurisdiction.

16. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 16 of the Complaint.

17. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 17 of the Complaint.

18. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 18 of the Complaint.

19. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 19 of the Complaint.

20. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 20 of the Complaint.

21. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 21 of the Complaint.

22. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 22 of the Complaint.

23. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 23 of the Complaint.

24. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 24 of the Complaint.

25. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 25 of the Complaint.

26. Defendant admits that to activate a mobile device for use on cellular telephone networks, many devices were assigned a unique International Mobile Equipment Identity ("IMEI") number in combination with a unique Subscriber Identity Module ("SIM"), enclosed on a small removable chip or directly embedded into the mobile device. Defendant admits that this IMEI/SIM combination -- when paired with a customer's mobile telephone number assigned by a telecommunications carrier -- allows a given user to authenticate on a mobile phone carrier's network to make and receive calls and text messages associated with the customer's mobile telephone number.

27. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 27 of the Complaint.

28. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 28 of the Complaint.

29. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 29 of the Complaint.

30. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 30 of the Complaint.

31. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 31 of the Complaint.

32. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 32 of the Complaint.

33. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 33 of the Complaint.

34. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 34 of the Complaint.

35. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 35 of the Complaint.

36. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 36 of the Complaint.

37. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 37 of the Complaint.

38. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 41 of the Complaint.

42. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 42 of the Complaint.

43. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 43 of the Complaint.

44. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 44 of the Complaint.

45. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 45 of the Complaint.

46. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 49 of the Complaint.

50. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 50 of the Complaint.

51. Defendant denies that it coordinated the unauthorized transfer of Plaintiff's SIM card with anyone. Defendant denies that any of the activities in this suit should have been flagged in or prevented by Defendant's security systems. Defendant is without knowledge of, and therefore denies, the remaining allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies that Plaintiff has suffered damages due to any actions by Defendant. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 53 of the Complaint.

54. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 54 of the Complaint.

55. Defendant is without knowledge of, and therefore denies, the allegations in Paragraph 55 of the Complaint.

**COUNT I – BREACH OF FEDERAL COMMUNICATIONS ACT [47 U.S.C. §§ 206, 222]**
**(UNAUTHORIZED DISCLOSURE OF CUSTOMER CONFIDENTIAL PROPRIETARY INFORMATION AND PROPRIETARY NETWORK INFORMATION)**

Defendant re-states, and adopts by reference herein, Paragraphs 1 -55 above, and further alleges:

56. The allegations in Paragraph 56 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.

57. The allegations in Paragraph 57 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58. The allegations in Paragraph 58 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

59. The allegations in Paragraph 59 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

60. The allegations in Paragraph 60 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

**COUNT II – VIOLATION OF 18 U.S.C. § 1030(a)(2)(C) and 1030(a)(4) (COMPUTER FRAUD AND ABUSE ACT ["CFAA"])**

Defendant re-states and adopts by reference herein, Paragraphs 1 -55 above, and further states:

66. The allegations in Paragraph 66 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 66 of the Complaint.

67. The allegations in Paragraph 67 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

### COUNT III – VIOLATION OF 18 U.S.C. § 1030(a)(6)
### (COMPUTER FRAUD AND ABUSE ACT ["CFAA"])

Defendant restates and adopts by reference herein, Paragraphs 1 -55 above, and further states:

74. The allegations in Paragraph 74 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

## COUNT IV – VIOLATION OF FLA. STAT. §§ 815.01, et seq.
## (FLORIDA COMPUTER CRIMES ACT)

Defendant restates and adopts by reference herein, Paragraphs 1 -55 above, and further states:

79. The allegations in Paragraph 79 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 79 of the Complaint.

80. The allegations in Paragraph 80 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 80 of the Complaint.

81. The allegations in Paragraph 81 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 81 of the Complaint.

82. The allegations in Paragraph 82 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 82 of the Complaint.

83. The allegations in Paragraph 83 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 83 of the Complaint.

84. The allegations in Paragraph 84 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

## COUNT V – NEGLIGENCE

Defendant restates and adopts by reference herein, Paragraphs 1 -55 above, and further states:

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant is without knowledge of the allegations in Paragraph 91 of the Complaint and, therefore, denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

95. Defendant is without knowledge of the allegations in Paragraph 95 of the Complaint and, therefore, denies the allegations in Paragraph 95 of the Complaint.

96. Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Complaint.

100. Defendant denies the allegations in Paragraph 100 of the Complaint.

101. Defendant denies the allegations in Paragraph 101 of the Complaint.

102. Defendant denies the allegations in Paragraph 102 of the Complaint.

103. Defendant denies the allegations in Paragraph 103 of the Complaint.

104. Defendant denies the allegations in Paragraph 104 of the Complaint.

105. Defendant denies the allegations in Paragraph 105 of the Complaint.

## COUNT VI – NEGLIGENT TRAINING AND SUPERVISION

Defendant restates and adopts by reference herein, Paragraphs 1 -55 above, and further alleges:

106. Defendant denies the allegations in Paragraph 106 of the Complaint.

107. Defendant denies the allegations in Paragraph 107 of the Complaint.

108. Defendant denies the allegations in Paragraph 108 of the Complaint.

109. Defendant denies the allegations in Paragraph 109 of the Complaint.

110. Defendant is without knowledge of the allegations in Paragraph 110 of the Complaint and, therefore, denies the allegations in Paragraph 110 of the Complaint.

111. Defendant is without knowledge of the allegations in Paragraph 111 of the Complaint and, therefore, denies the allegations in Paragraph 111 of the Complaint.

112. Defendant denies the allegations in Paragraph 112 of the Complaint.

113. Defendant denies the allegations in Paragraph 113 of the Complaint.

114. Defendant denies the allegations in Paragraph 114 of the Complaint.

115. Defendant denies the allegations in Paragraph 115 of the Complaint.

116. Defendant denies the allegations in Paragraph 116 of the Complaint.

117. Defendant denies the allegations in Paragraph 117 of the Complaint.

118. Defendant denies the allegations in Paragraph 118 of the Complaint.

119. Defendant denies the allegations in Paragraph 119 of the Complaint.

120. Defendant denies the allegations in Paragraph 120 of the Complaint.

121. Defendant denies the allegations in Paragraph 121 of the Complaint.

## COUNT VII – CIVIL CONSPIRACY

Defendant restates and adopts by reference herein, Paragraphs 1 -55 above, and further states:

122. Defendant denies the allegations in Paragraph 122 of the Complaint.

123. Defendant denies the allegations in Paragraph 123 of the Complaint.

124. Defendant denies the allegations in Paragraph 124 of the Complaint.

125. Defendant denies the allegations in Paragraph 125 of the Complaint.

126. Defendant denies the allegations in Paragraph 126 of the Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in his "Prayer for Relief."

## AFFIRMATIVE AND OTHER DEFENSES

Defendant has reviewed Plaintiff's account and determined that the transaction at issue is not associated with Defendant's store. Attached hereto as Exhibits 1-4 are the following pictures which establish this fact: 1) William Rose's transaction record from his customer account that shows the SIM and IMEI numbers, as well as a time stamp. 2) SIM search in Defendant's inventory

that shows the SIM card at issue did not come from Defendant's inventory; 3) the time clock for Defendant's employees showing both clocked out around 8:30pm on the date of the transaction, and the time stamp on the transaction shows 21:31 central time zone, which means 10:31pm eastern time zone, two hours after the employees had closed the store, 4) the alarm report showing the store was closed and the alarm was armed at 8:34 pm eastern time on the day of the alleged transaction. Based on these facts, and those alleged in the Complaint, Defendant asserts the following defense:

A. Defendant did not cause any of Plaintiff's alleged damages and the facts alleged in his Complaint do not include any wrongful action by Defendant.

B. John Doe's actions, as alleged in the Complaint, would constitute an intentional tort that does not benefit Defendant. Thus, Defendant, as John Doe's employer, is not liable for such actions.

C. John Doe's actions, as alleged in the Complaint, would not have been done in the course of John Doe's employment and, therefore, Defendant cannot be held liable for such actions.

D. Plaintiff's alleged losses were caused, at least in part, by his own negligence in giving his account PIN to a third party and failing to secure his bitcoin account.

E. Plaintiff's alleged losses were caused, at least in part, by an unidentified third party who allegedly transferred Plaintiff's bitcoin funds.

F. Plaintiff's alleged losses were caused, at least in part, by third-party T-Mobile against whom Plaintiff is already pursuing an action in arbitration.

G. Plaintiff has unclean hands because Plaintiff shared his account PIN with a third party and failed to secure his bitcoin account.

H. Plaintiff's alleged damages were the result of unrelated, pre-existing, or subsequent conditions unrelated to Defendant's conduct, including but not limited to: Plaintiff's failure to keep his PIN confidential and/or sharing said PIN with a third-party; Plaintiff's failure to secure his bitcoin account; John Doe's intentional conduct; the provision of a SIM card by an unidentified third party; the failure of T-Mobile's security systems; and/or the failure of the security systems managed by the unidentified company maintaining Plaintiff's bitcoin account.

I. Defendant lacked intent to cause damage to Plaintiff.

J. Plaintiff's claims are subject to a prior pending action, to wit: his arbitration action against T-Mobile.

Defendant reserves its rights to amend these defenses should other defenses become apparent during the course of discovery.

WHEREFORE, Defendant requests that judgment be entered in its favor on all counts and that Plaintiff be ordered to pay Defendant's reasonable costs and fees incurred in defending this action.

Respectfully submitted by,

*/s/Sam Y. Badawi, Esquire*
Sam Y. Badawi, Esquire
FBN: 120218
Sam@badawilaw.com
BADAWI LAW
14505 University Point Place
Tampa, FL 33613
(813) 508-8808 – Phone
(813) 644-7152 – Fax

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via the Court's electronic filing system upon all parties of record on February 6, 2023.

*/s/Sam Y. Badawi, Esquire*
Sam Y. Badawi, Esquire
