UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**WILLIAM ROSE**, an individual,

    Plaintiff,

vs.                           CASE NO: 2:23-cv-00022-JLB-KCD

**CELLULAR TOUCH WIRELESS, INC.**,
a Florida Corporation,

    Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF ARBITRATION DOCUMENTS

Defendant, CELLULAR TOUCH WIRELESS, INC., by and through the undersigned counsel and pursuant to Fed.R.Civ.P. 37, hereby requests an order compelling production of documents obtained by Plaintiff via arbitration against T-Mobile, Inc., and in support thereof states:

1. Similar causes of action alleged against Defendant, a cell phone store, were the subject of a lawsuit against T-Mobile, Inc. that was ultimately resolved via arbitration.

2. On May 26, 2023, Plaintiff responded to Defendant's First Request for Production of Documents, Request No. 1, requesting "All documents that refer or relate to the Defendant." Plaintiff stated that "Many of the documents responsive to this request are subject to a Protective Order entered in American Arbitration Association ("AAA") Case No.: 01-22-

0000-8481 (the "*Rose v. Metro Arbitration*"). Pursuant to the Protective Order, those documents – and the information contained therein – cannot be disclosed without a subpoena or court order. **Plaintiff is willing to produce the documents pursuant to a court order.**" (emphasis added). A true and correct copy of Defendant's First Request for Production of Documents is attached hereto as Exhibit "1".

3. On February 26, 2024, upon William Rose's motion to compel Respondent T-Mobile USA, Inc.'s compliance with certain subpoenas, the Hon. Cathy L. Waldor, U.S.M.J. ordered T-Mobile to produce to Rose the documents it previously produced in the related arbitration proceeding. A true and correct copy of the February 26, 2024 order as attached hereto as Exhibit "2".

4. Now that Plaintiff is in possession of the documents from the *Rose v. Metro Arbitration*, Defendant seeks a court order compelling production of same to Defendant.

5. The discovery sought is relevant to the claims argued in the pleadings, particularly information that was not previously discoverable based on a confidentiality agreement relating to an arbitration of Plaintiff's claim with T-Mobile, Inc. that has now been resolved.

6. This motion is being made in good faith and not for the purpose of delay. Granting of this motion will not prejudice the parties.

## Local Rule 3.01(g) Certification

Undersigned Counsel for Defendant certifies that on September 5, 2024, I conferred with Plaintiff via email regarding the relief sought in this motion in accordance with Local Rule 3.01(g). Plaintiff has not responded to Counsel for Defendant's attempted conferral and is presumed to oppose same.

**WHEREFORE**, Defendant, CELLULAR TOUCH WIRELESS, INC., respectfully requests this Court GRANT Defendant's Motion to Compel, order Plaintiff to provide the documents relating to the *Rose v. Metro Arbitration*, and any further relief just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 5, 2024, a copy of the foregoing was served by electronic mail to: counsel for Plaintiff, David C. Silver, Esq. and Jason S. Miller, Esq. at the following addresses: dsilver@silvermillerlaw.com and jmiller@silvermillerlaw.com.

Respectfully Submitted,

By: ***/s/ Sam Y. Badawi, Esq.***
SAM Y. BADAWI, ESQUIRE
FBN: 120218
BADAWI LAW
14505 University Point Place
Tampa, Florida 33613
Phone: (813) 508-8808
Fax: (813) 644-7152
Primary: Sam@badawilaw.com
Secondary: admin@badawilaw.com
*Attorney for Defendant*